UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIKTOK INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BONTA, <br><br> Defendant. | Case No.  5:25-cv-09789-EJD <br><br> **ORDER REGARDING SUPPLEMENTAL BRIEFING** <br><br> Re: ECF No. 92 |
| META PLATFORMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BONTA, <br><br> Defendant. | Case No.  5:25-cv-09792-EJD <br><br> **ORDER REGARDING SUPPLEMENTAL BRIEFING** <br><br> Re: ECF No. 113 |
| GOOGLE LLC and YOUTUBE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BONTA, <br><br> Defendant. | Case No.  5:25-cv-09795-EJD <br><br> **ORDER REGARDING SUPPLEMENTAL BRIEFING** <br><br> Re: ECF No. 91 |

Before the Court is Plaintiffs' Objection to Defendant's Sur-Reply Evidence.  Pls.' Obj. to Def.'s Sur-Reply Evid., ECF No. 92.  Plaintiffs object to four reply expert declarations ("Medical Reply Declarations") from medical experts on "the purported relationship between social media and mental health harms—totaling 107 pages." *Id.* at 4.  The Medical Reply Declarations rely upon "more than 100 new articles and studies." *Id.* at 3.  Plaintiffs request that the Court strike the

Case No.: 25-cv-09789-EJD
ORDER REGARDING SUPPL. BRIEFING

1

Medical Reply Declarations to avoid prejudicing Plaintiffs, or alternatively, request that the Court provide Plaintiffs with an opportunity to offer additional rebuttal evidence beyond what they are able to provide by June 2, 2026, the deadline for their sur-sur-reply.[1]  *Id.*

In its Response, Defendant argues that "the expert declarations to which Plaintiffs object are limited declarations that respond directly to the new expert declarations Plaintiffs filed with their replies."  Def.'s Resp. to Obj. to Surreply Evid., ECF No. 93-2.  While true, Plaintiffs' motions for preliminary injunctions each argued that Defendant failed to show a causal relationship between personalized feeds and harm to minors such that Defendant had the opportunity to address this purported "gap" in its Omnibus Opposition.  *See* Google Mot. for Prelim. Inj. 23, *Google LLC v. Bonta*, No. 5:25-cv-09795-EJD (N.D. Cal. Nov.18, 2025), ECF No. 23; TikTok Mot. for Prelim. Inj. 26, *TikTok Inc. v. Bonta*, No. 5:25-cv-09789-EJD (N.D. Cal. Nov. 18, 2025), ECF No. 20; Meta Mot. for Prelim. Inj. 28, ECF No. 19, *Meta Platforms, Inc. v. Bonta,* No. 5:25-cv-9792 (N.D. Cal. Nov. 18, 2025).  The Court, however, also agrees that Defendant's experts' declarations to which Plaintiffs now object are narrowly tailored and responsive to the declarations that Plaintiffs relied upon in support of their replies.  Further, the Court authorized Defendant to use the pages in its sur-reply however it thought appropriate, with a request that at least some portion of the briefing be dedicated to a discussion of the degree of human interaction with an algorithm necessary for the personalized feeds to constitute "speech."  Order re: Suppl. Briefing, ECF No. 80.

Defendant does not dispute that the Medical Reply Declarations rely upon articles and studies to which Plaintiffs have not previously had the opportunity to respond.  Accordingly, the Court **ORDERS** Plaintiffs to file supplemental briefs not to exceed 7 pages each no later than June 12, 2026, at 12:00 p.m.  These briefs shall address *only* the factual matter presented in the Medical Reply Declarations relating to the link between viewing personalized content and harm to the physical or mental health of minors.

---

[1] Plaintiffs received Defendant's Sur-Reply and accompanying declarations on May 22, 2026.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: June 2, 2026

EDWARD J. DAVILA
United States District Judge